ASOCIACIÓN DE PADRES CAPUCHINOS DE PENNSYLVANIA EN PUERTO RICO, INC., Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 762.   Argued April 20, 1931.—Decided May 7, 1931.

J. J. Ortiz Alibrán for petitioner.   R. Rivera Zayas for intervener.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Asociación de Padres Capuchinos de Pennsylvania en Puerto Rico, Inc., applied to this Court for a writ of certiorari to review the proceedings had before the District Court of San Juan in case No. 13505, a suit brought by Manuel Tous Soto against the Franciscan Educational Conference to recover $7,125, together with interest thereon from the date of service of notice of the complaint and costs if the action was resisted; and it prayed that, after a consideration of said proceedings, the order of the district court dated February 18 last, whereby a previous order granting the petitioner leave to intervene was set aside, should be annulled.

The writ issued, and the record of the said proceedings is now before us. The parties have filed extensive briefs in support of their respective contentions.

In our judgment, the intervention sought should be granted. It clearly appears that by a public deed the Franciscan Educational Conference transferred all its property to the petitioner, and the latter bound itself to pay all the debts of the former. Among these debts there is one in favor of the Pious Union of St. Anthony amounting to $7,125, which the petitioner undertook to pay, without interest and without any specification as to the time for such payment. The transfer was made prior to the filing of the complaint in said case No. 13505. In this situation, Manuel Tous Soto, claiming that the said Pious Union of St. Anthony had assigned to him the credit which it held against the Franciscan Educational Conference, brought the aforesaid action against the latter.

The petitioner not only alleged in its motion for intervention and in the complaint attached thereto, which were promptly filed upon learning of the existence of the litigation, that it was the party liable for the payment, but also that it had information, which it believed to be true, that the defendant had conspired with the plaintiff to allow the entry of a judgment by default; and that the Pious Union could not validly assign its credit to Manuel Tous Soto because the subject matter thereof had been formed by gifts received from pious persons for public charitable purposes and not for private use. Questions pertaining to canon law have been raised and argued, but we shall not even state them here. They are a proper subject for determination in the main action and nothing should be said in advance that might tend to prejudge them. Suffice it to say, for the purpose of the intervention, that the interest of the petitioner in the litigation is clear. The petitioner is indeed the real defendant, since it assumed and does not dispute the liability of the Franciscan Educational Conference. At first view,

it appears that the ends of justice would be benefited by the intervention of the petitioner in the litigation.

We think it advisable to excerpt the following from the opinion in *Suc. of Orcasitas et al. v. A. M. Somoza & Co.,* 27 P.R.R. 462, 463:

"The direct and immediate interest of an intervenor in the subject-matter must be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought; or if the action had first been brought against him as the defendant, he would have been able to defeat the recovery in part at least.

"When the facts alleged and taken as true in order to determine the interest of an intervenor in an action not only would have constituted a good defense if the action had first been brought against the intervenor, but conclusively show that, in the circumstances alleged, the intervenor is indeed the only true defendant, it must be concluded that such intervenor has the direct and immediate interest to which the authorities refer."

The order complained of by the petitioner must be set aside and the district court directed to allow the intervention of said petitioner in the litigation involved and to grant the intervener five days within which to file an amended complaint, in view of the haste with which it was compelled to file the original complaint and of the mature consideration that the time elapsed and the questions raised have enabled it to give to the matter.